IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-59,101-02




 

EX PARTE WILLIAM SPEER



 


ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 99F0506-005-B IN THE 202ND JUDICIAL DISTRICT COURT


BOWIE COUNTY




 Per Curiam. Price, johnson and holcomb, jj., would file and set.


O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071.

 In October 2001, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. Art. 37.071, § 2(g). (1) 
This Court affirmed applicant's conviction and sentence on direct appeal. Speer v. State, No.
AP-74,253 (Tex. Crim. App. Oct. 8, 2003) (not designated for publication).

 Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court on June 18, 2003. This Court denied relief. Ex parte Speer, No. WR-59,101-01 (Tex. Crim. App. June 30, 2004) (not designated for publication). Thereafter,
applicant filed a habeas petition in federal district court. Speer v. Dretke, No. 2:04-cv-00269,
2008 WL 2065798 (E.D. Tex. May 13, 2008) (not selected for publication). After reviewing
a co-defendant's federal habeas petition, applicant moved the federal district court to stay the
proceedings so that applicant could exhaust newly-discovered claims in state court. The
district court granted the stay.

 Applicant then filed this subsequent habeas application in the convicting court on July
8, 2008. In compliance with Art. 11.071, § 5(b)(1), the convicting court forwarded this
application to this Court. We remanded this application in order to give applicant an
opportunity to show when and how he obtained the evidence at issue and whether he
exercised due diligence to obtain the evidence at the earliest opportunity. The trial court has
now forwarded the supplemented record to this Court, and it found that the application failed
to show an exception to Article 11.071, § 5.

 We have reviewed this subsequent application and find that the allegations fail to
satisfy the requirements of Article 11.071, § 5(a). Accordingly, the application is dismissed
as an abuse of the writ. Art. 11.071, § 5(c).

 IT IS SO ORDERED THIS THE 3RD DAY OF MARCH, 2010.

Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.